**UNITED STATES DISTRICT COURT FOR**
**SOUTHERN DISTRICT OF NEW YORK**

---

SHAKIRA DAWSON,                                        Civil Action No. _____

                                    Plaintiff,

                                                    **JURY TRIAL DEMANDED**
                                                    **COMPLAINT**

        -  against  -

Robert Johnson, The City of Mount Vernon, The Mount Vernon Police Department, The City of
New York, The New York City Police Department, Lieutenant Joseph Hunce, Mount Vernon
Police Department, Detective John Gamble, Mount Vernon Police Department, Detective Anthony
Burnett, Mount Vernon Police Department, Police Officer Kareem Lloyd, Mount Vernon Police
Department, Police Officer Billy Ekarhakos, Mount Vernon Police Department, Police Officer
Donavan S. Yoe, Mount Vernon Police Department, Police Officer Ronald E. Simpson, Mount
Vernon Police Department, Police Officer Dante Chisolm, Mount Vernon Police Department,
Detective Osvaldo Medina, Mount Vernon Police Department, Police Officer 1, Officer 2, Officer
3, Officer 4, and Officer John Doe (NYPD).  Police Officers are named in both individual and
official capacities.

                                    Defendants.

---

        Plaintiff by her attorney, **DEVERAUX L. CANNICK, ESQ., AIELLO & CANNICK,**
complaining of the defendants herein, upon information and belief, respectfully show to this
Court, and allege as follows:

**COMPLAINT**

**INTRODUCITON**

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and
        the Fourth and Fourteenth Amendments to the United States Constitution, and under the
        common law of the State of New York against the specified Police Officers of the City of
        Mount Vernon and the City of New York in both their official and individual capacities
        against Officer One, Officer Two, Officer Three and Officer Four.

2.      Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of
        this Court to entertain claims arising under state law. Venue is based upon the location of
        the alleged acts giving rise to this action.

1

3.    It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Shakira Dawson violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Shakira Dawson. It is further alleged that these violations and torts were committed as a result of the policies and customs of the City of Mount Vernon and the City of New York.   During and following a high-speed vehicle pursuit, complainant, who was unarmed and posed no immediate threat to anyone was fired upon and wounded by defendant police officers and then illegally secured and imprisoned against her will under guard of Officers John Doe of the City of New York and identified officers of MVPD.

## THE PARTIES

4.    Shakira Dawson is a resident of Bronx, New York and of full age.

5.    Defendant Officers Lt. Joseph Hunce, Det. Brent Gamble, Det. Anthony Burnett, P.O. Kareem Lloyd, P.O. Billy Exarhakos, Det. Osvaldo Medina, P.O. Ronald E. Simpson, P.O. Dante Chisolm, Det. Jose Centenno, P.O. Donovan Yoe were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Mount Vernon, New York, and the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulation, policies, customs and usages of State of New York and/or the City of Mount Vernon, New York and the City of New York.

6.    The City of Mount Vernon, New York is a municipal corporation and the public employer of the said officers.

7.    The City of New York is a municipal corporation in the state of New York and is the site of the illegal seizure and false arrest and confinement of Complainant Shakira Dawson and the employer of police officer(s) John Doe.

8.    Officer John Doe is a police officer employed by Defendant City of New York, who acting under color of law, to wit, under color of the statutes, ordinances, regulation, policies, custom and usages of the City of New York.

9.    Defendant Robert Johnson was at all material times a resident of Mount Vernon, New York and of full age.

## FACTUAL ALLEGATIONS

10.    On or about February 7, 2017, at approximately 9:00am, Plaintiff Shakira Dawson and Defendant Robert Johnson were occupants in a vehicle legally parked with the engine running near 238 South Fulton Avenue in the City of Mount Vernon, New York.

11.    At all times relevant to this complaint, Defendant Robert Johnson was subject to and in violation of a duly served order of protection issued by White Plains – IDV Court, which is in effect until 10/26/2020. Said order of protection requires Defendant Robert Johnson to stay away from Plaintiff Shakira Dawson.

12.    At the aforementioned time and location, Defendant Lt. Hunce pulled his police cruiser vehicle next to the vehicle occupied by Plaintiff Shakira Dawson and Defendant Robert Johnson.

13.    The vehicle occupied by Plaintiff Shakira Dawson and Defendant Robert Johnson was a black Chevrolet Malibu with heavily tinted windows, which tint precluded anyone outside the vehicle from seeing the occupants or any activity inside said vehicle.

14.    Defendant Hunce exited his police cruiser and approached the Malibu occupied by Plaintiff Shakira Dawson and Defendant Robert Johnson.

15.    At the aforementioned location and time, Defendant Hunce was not responding to any radio call or any other indication of a crime in progress, person in danger, disturbance of public peace or any other activity giving rise to justification for police intervention or probable cause for arrest, search or seizure.

16.    Before the occupants responded to Defendant Hunce's request to open the window, Defendant Hunce ordered Malik L Burts, who had just arrived as the result of Defendant Hunce's request for a back-up unit, to break the rear window of the Malibu.

17.    Upon Officer Burts' attempt to break the rear window, Defendant Robert Johnson essentially commandeered the Malibu by forcing Plaintiff's right foot onto the accelerator causing the Malibu to accelerate forward.

18.    Plaintiff, in a state of confusion, panic and distress attempted to control the vehicle while being physically constrained and coerced by Defendant Robert Johnson.

19.    The Malibu proceeded south on Fulton Avenue to the intersection of Fulton Avenue and Columbus where the vehicle made a left turn on Columbus and proceeded up Columbus Avenue past Sanford Boulevard to East 3rd Street whereupon the vehicle turned left on East 3rd. The vehicle continued, at times crossing into the Bronx and finally coming to a stop near 234th Street and Bronx Boulevard when it crashed into a filling station on the corner of 234th Street and Bronx Boulevard.

20.    During the Malibu's travel as described above, Mount Vernon Police Department vehicles engaged in a high-speed pursuit of the aforesaid Malibu and at some point were joined by police units from New York Police Department 47th precinct.

3

21.   At one point during the pursuit while traveling northbound on Bronx Avenue, Defendant Det. Anthony Burnett discharged multiple rounds from his service weapon striking the left side of the rear windshield of the Malibu.

22.   Near the end of the chase and prior to the Malibu crashing into the filling station, Defendant Det. John Gamble fired his service weapon thru the windshield of the Malibu.

23.   Upon information and belief, Defendant P.O. Kareem Lloyd and Defendant P.O. Billy Exarhakos also, fired their service weapons, striking the Malibu during the aforementioned chase.

24.   Moments prior to the Malibu crashing into the service station and while traveling northbound on Bronx Boulevard, Plaintiff Shakira Dawson was suddenly ejected from the moving vehicle.

25.   Upon being ejected from the moving vehicle, Plaintiff was immediately approached by Defendant Det. Burnett and P.O. Andres Sanchez of the MVPD and was ordered to get on the ground and show her hands.

26.   At the officers' instruction as described above, Plaintiff remained on the ground and advised the officers that she had been shot and required medical assistance.

27.   Plaintiff was then placed in hand cuffs and transported to Jacobi Medical Center in the Bronx via ambulance number 623 of Lifeline Ambulance service.

28.   Plaintiff Shakira Dawson was accompanied in the ambulance to the hospital by P.O. Jose Centenno of MVPD and P.O. Dante Chisholm.

29.   At no time was Plaintiff ever advised by police officers that she was under arrest and advised of her Miranda rights but, police officers threatened Plaintiff with mortal harm.

30.   Plaintiff was confined for treatment at Jacobi Medical Center for approximately seven (7)) days.

31.   For approximately 3 days of Plaintiff's confinement at Jacobi Medical Center, Plaintiff was handcuffed to her bed and guarded around the clock by members of NYPD and MVPD on rotating shifts.

32    Defendant police officers Donovan S. Yoe, MVPD and Ronald E. Simpson, MVPD rotated guarding Plaintiff Dawson in the hospital.

4

33.    Defendant police Officer Osvaldo Medina, #20731, NYPD and Police Officer John Doe, NYPD rotated guarding Plaintiff Dawson in the hospital.

34.    At no time has Plaintiff Shakira Dawson ever been charged with any crime associated with the events of February 7, 2017.

35.    While being treated at Jacobi Medical Center Plaintiff underwent, among other things, exploratory surgery and treatment for gunshot wounds.

36.    Following exploratory surgery, it was discovered that Plaintiff had a bullet lodged in her chest.

37.    The medical doctors treating Plaintiff determined that due to the location of the bullet and its proximity to vital organs, it was too risky to attempt removal.

38.    Plaintiff continues to be medically treated on a regular basis for the injuries incurred by the events of February 7, 2017.

39.    At no time during the events described above, was Plaintiff Dawson intoxicated, incapacitated, a threat to the safety of herself or others, or disorderly. She had not committed any criminal offenses.

40.    The defendant police officers had no warrant for the arrest of Plaintiff Dawson, no probable cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.

41.    At all times during the events described above the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

42.    As a direct and proximate result of the said acts of the defendant Officers, the Plaintiff Shakira Dawson suffered the following injuries and damages:

   a.    Violation of her constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

   b.    Loss of her physical liberty;

   c.    Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

43.   The actions of the Defendant Officers violated the following clearly established and well settled federal constitutional rights of Shakira Dawson:

   a.   Freedom from the unreasonable seizure of her person;

   b.   Freedom from use of deadly, excessive, unreasonable and unjustified force against her person.

## COUNT I

### 42 U.S.C. § 1983 Against Individual Defendants

44.   Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

45.   Plaintiff Shakira Dawson claims damages for the injuries set forth above under 42 U.S.C.§ 1983 against defendants Officer Joseph Hunce, Osvaldo Medina, Ronald E. Simpson, Donavan Yoe, John Gamble, Anthony Burnett, Kareem Lloyd and Billy Exarhakos.

## COUNT II

### Assault and Battery Against Individual Defendants

46.   Paragraphs 1 through 43 are incorporated herein by reference as though fully set forth.

47.   Defendants John Gamble, Anthony Burnett, Kareem Lloyd and Billy Exarhakos and Osvaldo Medina assaulted and battered Plaintiff Shakira Dawson.

48.   As a result of this assault and battery, Plaintiff Shakira Dawson suffered damages as aforesaid.

## COUNT III

### False Arrest and Illegal Imprisonment Against Individual Defendants

49.   Paragraphs 1 through 43 are incorporated herein by reference as though set forth.

50.   Defendants Ronald E. Simpson, Donavan Yoe, Dante Chisholm and Jose Centenno illegally arrested, constrained and illegally imprisoned Plaintiff Shakira Dawson.

51.    As a result of this false arrest and illegal imprisonment, Plaintiff suffered damages as aforesaid.

## COUNT IV

### 42 U.S.C. § 1983 Against City of Mount Vernon

52.    Paragraphs 1 through 43 are incorporated herein by reference as though set forth.

53.    Prior to February 7, 2017, the City of Mount Vernon, New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Mount Vernon, which caused the violation of Plaintiff Shakira Dawson's rights.

54.    It was the policy and/or custom of the City of Mount Vernon to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

55.    As a result of the above described policies and customs, police officers of the City of Mount Vernon, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

56.    The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Mount Vernon to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights as alleged herein.

WHEREFORE, Plaintiff Shakira Dawson requests that this Court:

a.    Award compensatory damages to Plaintiff against the defendants, jointly and severally;

b.    Award costs of this action to the Plaintiff;

c.    Award reasonable attorney's fees and costs to the plaintiff on Counts I and IV of the Complaint;

d.    Award such other and further relief as this Court may deem appropriate.

Plaintiff hereby demands a jury trial.

Dated: February 6th, 2018

Yours, etc.

DEVERAUX L. CANNICK, ESQ.
Aiello & Cannick
69-06 Grand Avenue
Maspeth, New York 11378
(718) 426-0444

8