**UNITED STATES DISTRICT COURT FOR**
**SOUTHERN DISTRICT OF NEW YORK**

---

ROBERT JOHNSON,                                  Civil Action No.   1:18-cv-04083 (JMF)

                                       Plaintiff,

                                              **JURY TRIAL DEMANDED**
                                              **AMENDED COMPLAINT**

          -  against  -

Shakira Dawson, The City of Mount Vernon, The Mount Vernon Police Department, The City of New York, The New York City Police Department, Lieutenant Joseph Hunce both individually and in his official capacity; *Mount Vernon Police Department*, Detective John Gamble both individually and in his official capacity; *Mount Vernon Police Department*, Detective Anthony Burnett both individually and in his official capacity; *Mount Vernon Police Department*, Police Officer Kareem Lloyd both individually and in his official capacity; *Mount Vernon Police Department,* Police Officer Billy Ekarhakos both individually and in his official capacity; Mount Vernon Police Department, Police Officer Donavan S. Yoe both individually and in his official capacity; *Mount Vernon Police Department*, Police Officer Ronald E. Simpson both individually and in his official capacity; *Mount Vernon Police Department*, Police Officer Dante Chisolm both individually and in his official capacity, *Mount Vernon Police Department*, Detective Osvaldo Medina both individually and in his official capacity and in his official capacity; *Mount Vernon Police Department*, Police Officer 1 both individually and in his official capacity, Police Officer 2 both individually and in his official capacity, Police Officer 3 both individually and in his official capacity, Police Officer 4 both individually and in his official capacity, and Police Officer John Doe both individually and in his official capacity; *NYPD.*

                                       Defendants.

---

          Plaintiff by his attorney, **Reginald A. Jacobs, Esq., of The Law Offices of Reginald A. Jacobs, PLLC,** complaining of the defendants herein, upon information and belief, respectfully ~~show~~ submits this first amended complaint to this Court, and allege as follows:

## AMENDED COMPLAINT

## ~~INTRODUCTION~~
## PRELIMINARY STATEMENT

1.          This case is brought by Robert Johnson, who on the date of incident, the morning

of   February 7, 2017, was sitting in a motor vehicle owned and operated by his ex girlfriend and mother of his children, one Ms. Shakira Dawson.  Mr. Johnson was attempting to deliver a birthday gift for his son, while talking to Ms. Dawson, the car was approached and unjustifiably seized by members of the Mount Vernon Police Department.  In fear for his life, Mr. Johnson then commandeered the car, with Ms. Dawson in the vehicle, they left the scene. A police car pursuit ensued ultimately ending when without cause or provocation and despite no imminent danger of physical harm to Mount Vernon police officers, they (MVPD)  fired multiple rounds from their guns at the car, striking Ms. Dawson in her back but Mr. Johnson though battered and bruised was miraculously, not struck by any of the bullets fired by the defendants.  In their attempts to get away from the defendants, the Plaintiff and Ms. Dawson were involved in an auto collision which left Mr. Johnson unconscious and in a state of confusion.  Mr. Johnson was dragged from the motor vehicle and was taken into custody by officers.  He was subsequently examined by paramedics on the scene of the accident.

_

2.      Despite acting in fear for his life and under significant state of confusion as to why they were being chased, the Bronx District Attorney's Office brought criminal charges against Mr. Johnson, and the case was subsequently dismissed without prosecution on or about November 17, 2022.  Though defendant officers had fabricated evidence, about the incident the action against Ms. Dawson ended in an acquittal on all charges,.  Mr. Johnson  now seeks relief for the defendants' violation of his rights secured by 42 U.S.C. Section 1983, & 1988, and by the United States Constitution, including its Fourth and Fourteenth Amendments, and under the common law of the State of New York against the specified Police Officers of the City of Mount Vernon in both

their individual and official capacities. Plaintiff alleges damages, both compensatory and punitive, and, an award of costs and attorneys' fees, and such other and further relief as this Court deems equitable and just. Plaintiff also asserts supplemental state law claims

~~1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York against the specified Police Officers of the City of Mount Vernon and the City of New York in both their official and individual capacities against Officer One, Officer Two, Officer Three and Officer Four.~~

## JURISDICTION

3.     Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law. Venue is based upon the location of the alleged acts giving rise to this action. The Court has subject matter jurisdiction over Mr. Johnson claims under the U.S. Constitution, 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C.

4.     It is alleged that the individual police officer defendants made an unreasonable seizure of the person of Robert Johnson violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Robert Johnson.   It is further alleged that these violations and torts were committed as a result of the policies and customs of the City of Mount Vernon and the City of New York.   During and following a high-speed vehicle pursuit, complainant, who was an unarmed passenger and posed no immediate threat to anyone was fired upon by defendant police officers and then illegally secured and imprisoned against her will under guard of Officers John Doe of the City of New York and identified officers of MVPD.

3

**THE PARTIES**

5.     Plaintiff Robert Johnson is a resident of Mount Vernon, County of Westchester, State of New York and of full age.

6.     ~~Defendant Officers Lt. Joseph Hunce, Det. Brent Gamble, Det. Anthony Burnett, P.O. Kareem Lloyd, P.O. Billy Exarhakos, Det. Osvaldo Medina, P.O. Ronald E. Simpson, P.O. Dante Chisolm, Det. Jose Centenno, P.O. Donovan Yoe were at all times relevant to this complaint duly appointed and acting officers of the police department of the City of Mount Vernon, New York, and the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulation, policies, customs and usages of State of New York and/or the City of Mount Vernon, New York and the City of New York~~. At all times hereinafter mentioned, the individually named defendants L.T. JOSEPH HUNCE, DET. ANTHONY BURNETT, P.O. JOSE CENTENNO, P.O. ANDRES SANCHEZ, P.O. BILLY EXARHAKOS, P.O.  LOWE, DET. BRENT GAMBLE , P.O. CHANTI JOHNSON, DET SALVADO MEDINA, P.O. KAREEM LLOYD , P.O. DANTE CHISOLM , P.O MALIK BURTS, P.O. LISA RHODES , and P.O's. "JOHN DOES" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

7.     The City of Mount Vernon, New York is a municipal corporation and the public employer of the said officers and is the city of the false arrest and confinement of Complainant Robert Johnson and the employers of the officers from the Mount Vernon Police Department.

8.     ~~The City of New York is a municipal corporation in the state of New York and is the site of the illegal seizure and confinement of Complainant Robert Johnson and the employer of police officer(s) John Doe~~. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and or/in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State or City of Mount Vernon.

4

9.     ~~Officer John Doe is a police officer employed by Defendant City of New York,~~ ~~who acting under color of law, to wit, under color of the statutes, ordinances, regulation, policies,~~ ~~custom and usages of the City of New York~~. Each and all acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of Mount Vernon.

10.    ~~Defendant Shakira Dawson was at all material times a resident of Bronx, New York~~ ~~and of full age.~~

## FACTUAL ALLEGATIONS

11.    On or about February 7, 2017, at approximately 9:00am, Plaintiff Robert Johnson and Defendant Shakira Dawson were occupants in a vehicle legally parked with the engine running at or near 238 South Fulton Avenue in the City of Mount Vernon, New York.   Plaintiff, Mr. Johnson was the ex- boyfriend of Ms. Dawson, had entered  Ms. Dawson's vehicle and was attempting to hand deliver a birthday gift for his son.   Plaintiff and Ms. Dawson were also engaged in brief conversation.   To avoid confrontation, Ms. Dawson spoke to Mr. Johnson but tried to hurry the conversation along so that he would leave the vehicle.

12.    ~~At the aforementioned time and location, Defendant Lt. Hunce pulled his police~~ ~~cruiser vehicle next to the vehicle occupied by Plaintiff Johnson and Defendant Dawson.~~ At the time of the incident, the Plaintiff had been issued an order of protection directing that he stay away from Ms. Dawson said order having been issued by White Plains -IDV Court, which was in effect until 10/26/2020

13.    The vehicle occupied by Plaintiff Robert Johnson and Defendant Shakira Dawson was a black Chevrolet Malibu with a tinted windows, which tint precluded anyone outside the vehicle from seeing the occupants or any activity inside said vehicle.   The motor vehicle, was owned and operated by Ms. Dawson also had an out of state license plate.

5

14.     At the aforementioned time and location, Defendant Lt. Hunce pulled his police cruiser vehicle next to the vehicle occupied by plaintiff Robert Johnson and Shakira Dawson in an attempt to prevent it from pulling-off.   Defendant Hunce exited his police cruiser and approached the Malibu occupied by Plaintiff Robert Johnson (passenger) and Defendant Shakira Dawson the driver of said vehicle.

15.     At all times hereinafter mentioned Defendant Shakira Dawson was the driver of the aforesaid vehicle and was seated at the driver's seat.   Upon information and belief, prior to approaching the vehicle Lt. Hunce had failed to reasonably ascertain whether the vehicle was in violation of any law.

16.     At all time hereinafter mentioned, Plaintiff was a passenger in said vehicle and was seated in the front passenger seat of the aforesaid vehicle.   Upon information and belief, Lt. Hunce before approaching the vehicle in which Plaintiff was seated, called for back-up.

17.     At the aforementioned location and time, Defendant Hunce was not responding to any radio call or any other indication of a crime in progress, person in danger, disturbance of public peace or any other activity giving rise to justification for police intervention or probable cause for arrest, search or seizure.   Upon information and belief, Lt. Hunce before approaching Plaintiff's vehicle called for back-up.

18.     Upon information and belief, when Lt. Hunce approached the car, knocked on the window, demanded that plaintiff and Ms. Dawson open the window. Before the occupants responded to Defendant Hunce's request to open the window, Defendant Hunce ordered Police Officer Malik L Burts, who had just arrived on scene, to break the rear window of the malibu as

6

the result of Defendant Hunce's request for a back-up unit, to break the rear window of the Malibu. Lt Hunce also ordered another officer P.O. Rhodes to block the Malibu from pulling off.

19.    Upon Officer Burts' attempt to break the rear window, Defendant Shakira Dawson stepped on the accelerator of the vehicle causing the vehicle to speed off heading south bound on Fulton Avenue, Mount Vernon, New York.   At no time did the defendant officers have legal cause to seize, strike or touch plaintiff or the vehicle nor did plaintiff consent to this illegal touching or was it privileged by law

20.    Plaintiff, in a state of confusion, panic and distress attempted to control the vehicle while being driven at an erratic rapid manner by Defendant Shakira Dawson.   In a state of confusion, panic and distress, Mr. Johnson wrestled control of the vehicle from Ms. Dawson in an attempt to flee the scene of the incident as he was in fear for his life.

21.    Mr. Johnson commandeered the vehicle from Ms. Dawson and drove south on Fulton Avenue to the intersection of Fulton Avenue and Columbus where the vehicle made The Malibu proceeded south on Fulton Avenue to the intersection of Fulton Avenue and Columbus where defendant Dawson caused the vehicle to make a left turn on Columbus and proceeded up Columbus Avenue past Sanford Boulevard to East 3rd Street whereupon the vehicle turned left on East 3rd. The vehicle continued, at times crossing into the Bronx and finally coming to a stop near 234th Street and Bronx Boulevard when it crashed into a filling station on the corner of 234th Street and Bronx Boulevard.

22.    During the Malibu's travel as described above, at various times, Mount Vernon Police Department vehicles and all individually named defendants engaged in a high-speed pursuit and attempted capture of the aforesaid Malibu.   Upon information and belief, defendant Det. Medina without just cause used his vehicle to strike the Malibu and at some point were joined by

7

police units from New York Police Department 47th precinct.

23.     During the pursuit, Mount Vernon police officers, including defendant officers Burnett, Lloyd, Gamble and Exarhakos, without just cause or provocation and despite no imminent danger of harm discharged multiple rounds from their revolvers at the Malibu, resulting in Ms. Dawson being shot in her back.

At one point during the pursuit while traveling northbound on Bronx Boulevard, Defendant Det. Anthony Burnett discharged multiple rounds from his service weapon striking the left side of the rear windshield of the Malibu.

24.     To the extent that the other defendant officers did not use force against plaintiff, or fire their weapons, those defendants though present and partnered with the officers that discharged their weapons, failed to intervene to protect plaintiff from the unlawful use of force by their fellow officers.   Upon information and belief, Officer Burnett was partnered with P.O. Sanchez and P.O Centenno; P.O. Lloyd was partnered with P.O. Chisolm; Det. Gamble was partnered with P.O. Johnson; and P.O Exarhakos was partnered with P.O. Lowe Near the end of the chase and prior to the Malibu crashing into a service station, Defendant Det. John Gamble fired his service weapon through the front windshield of the Malibu.

25.     Upon information and belief, Defendant P.O. Kareem Lloyd and Defendant P.O. Billy Exarhakos also, fired their service weapons, striking the Malibu during the aforementioned chase. Defendants Sanchez, Centenno, Chisolm, Johnson and Lowe,   and John Doe's, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the conduct to which plaintiff had been subjected.

26.     ~~Moments prior to the Malibu crashing into the service station and while traveling~~ ~~northbound on Bronx Boulevard, Defendant Shakira Dawson was ejected or jumped out from the~~ ~~moving vehicle, leaving the Plaintiff the sole passenger in the vehicle while still moving in an~~ ~~uncontrolled manner, to crash in the service station on the corner of 234th Street and Bronx~~ ~~Boulevard, in the Bronx, New York~~. Upon information and belief, defendant Hunce was the only officer who sought to stop the officers shooting at the car by screaming at them to stop, asking them what they were shooting at, and waiving them off.

27.     ~~Upon the vehicle crashing into the service station, Plaintiff was immediately~~ ~~approached by Defendant Det. Burnett and P.O. Andres Sanchez of the MVPD and was ordered~~ ~~to get on the ground and show his hands.   Plaintiff was initially covered in a white sheet of cloth~~ ~~as the officers believed he had been killed by the gun shot wounds but he removed the sheet and~~ ~~informed the officers that he was not dead and was dragged out of the vehicle and thrown to the~~ ~~ground~~.   Moments prior to the Malibu crashing into the service station and while traveling northbound on Bronx Boulevard, Ms. Dawson was suddenly ejected from the moving vehicle.

28.     At no time was before, during and after the vehicle pursuit ended in a crash, was the Plaintiff ever advised by police officers that he was under arrest and advised of his Miranda rights, but police officers threatened Plaintiff with mortal harm.~~the officers' instruction as~~ ~~described above, Plaintiff remained on the ground and advised the officers that he had been shot~~ ~~and required medical assistance~~.

29.     Plaintiff was taken into custody by the Police officers of the City of Mount Vernon ~~then placed in hand cuffs~~ and was transported headquarters of the Mount Vernon, Police Department and held in a holding cell for a period he believes lasted up-to three (3) days.

30.     At no time was Plaintiff ever advised by police officers that he was under arrest and advised of his Miranda rights, but police officers threatened Plaintiff with mortal harm.

9

31.    Plaintiff was eventually taken to the Mount Vernon City Court by officers of the Police Department in the City of Mount Vernon, was arraigned before a judge some three (3) days after first being arrested.

32.    ~~At no time during the events described above, was Plaintiff Robert Johnson intoxicated, incapacitated, or a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses.~~  After Plaintiff was released on bail from the City of Mount Vernon, the Plaintiff was also arrested by the Officers of the City of New York from the 48th precinct and was arraigned at the New York, State Supreme Criminal Court on 265 East 161st Street, Bronx, New York.

33.    ~~The defendant police officers had no warrant for the arrest of Plaintiff Robert Johnson, no probable cause for the arrest of the Plaintiff and no legal cause or excuse to seize the person of the Plaintiff.~~  To justify plaintiff's injuries and their unlawful use of force, defendants falsified reports of Mr. Johnson's wrongdoing, that he was driving the car, and that there had been pedestrians walking on the sidewalk that the Malibu had mounted.

33.    ~~At all times during the events described above the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.~~  As a result of defendants' fabricated evidence, plaintiff was charged with

   (a) Penal Law Sec. 120.20 Reckless Endangerment in second degree;

   (b) Penal Law Sec. 270.25 Flee Officer In Motor vehicle;

   (c) VTL 1212   Reckless Driving

   (d) Penal Law 195.05 Obstructing Governmental Administration; and

(e)  Penal Law 205.30 Resisting arrest

34.   ~~As a direct and proximate result of the said acts of the defendant Officers, the Plaintiff Robert Johnson suffered the following injuries and damages:~~   At no time on February 7, 2017, did plaintiff commit any of the aforementioned crimes for which he was subsequently charged.

~~a.     Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;~~

35.   Defendants filled out false and/or misleading reports and forwarded them to the prosecutors at the Bronx District Attorney's Office

~~b.     Loss of his physical liberty;~~

36.   Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest. ~~Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.~~

37.   ~~The actions of the Defendant Officers violated the following clearly established and well settled federal constitutional rights of Robert Johnson~~   As a result of the aforementioned conduct plaintiff spent three (3) days in jail and after a number of court appearances in the City of Mount Vernon, on February 26, 2018 the action in the City of Mount Vernon was dismissed but he was immediately arrested and taken into custody by officers from the City of New York, Police Department.   The Plaintiff was arraigned by the Bronx District Attorney's offices, on February 27, 2018 and was release on bail on or about February 29, 2018.

~~a.  Freedom from the unreasonable seizure of his person;~~

~~b.  Freedom from use of deadly, excessive, unreasonable and unjustified force against~~

11

~~his person~~.

38.    The charges against the Plaintiff were dismissed on November 17, 2022.

39.    As a direct and proximate result of the said acts of the defendant officers, the plaintiff Robert Johnson suffered the following injuries and damages:

a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful arrest, the unlawful use of force, malicious prosecution, and the right to a fair trial;

b. Loss of his physical liberty;

Physical pain, injury, and emotional trauma and suffering, requiring the expenditure of money for treatment

## COUNT I

**42 U.S.C. § 1983 Deprivation of Federal Civil Rights** ~~Against Individual Defendants~~

40.    Plaintiff repeats, reiterates and realleges each and every allegations contained Paragraphs 1 through 39 are incorporated herein by reference as though fully set forth.

41.    ~~Plaintiff Robert Johnson claims damages for the injuries set forth above under 42 U.S.C.§ 1983 against defendants Officers Joseph Hunce, Osvaldo Medina, Ronald E. Simpson, Donavan Yoe, John Gamble, Anthony Burnett, Kareem Lloyd and Billy Exarhakos.~~ All of the aforementioned acts deprived plaintiff Robert Johnson of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of the America, and in violation of 42 U.S.C. § 1983.

12

42.     The acts complained of were caried out by the aforementioned individual defendants in their capacities as police officers, with all the actual/or apparent authority attendant thereto.

43.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of Mount Vernon and the Mount Vernon Police Department, all under the supervision of ranking officers of said department.

44.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.


**COUNT II**
**FALSE ARREST AND SEIZURE UNDER 42 U.S.C. § 1983**
~~Assault and Battery Against Individual~~
~~Defendants~~

~~47~~ 45.  Paragraphs 1 through 44 are incorporated herein by reference as though fully set forth.

46.     ~~Defendants John Gamble, Anthony Burnett, Kareem Lloyd and Billy Exarhakos and Osvaldo Medina assaulted and battered Plaintiff Robert Johnson.~~  As a result of defendants' aforementioned conduct, plaintiff was unlawfully seized and subjected to an   illegal, improper and false arrest by defendants and taken into custody and caused to be falsely imprisoned, detained and confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent

13

47. ~~As a result of this assault and battery, Plaintiff Robert Johnson suffered damages as aforesaid.~~ As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear of his safety, was humiliated and subjected to handcuffing, and other restraints, without probable cause

## COUNT III
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983
#### ~~False Arrest and Illegal Imprisonment Against~~
#### ~~Individual Defendants~~

48. Paragraphs 1 through 47 are incorporated herein by reference as though set forth.

49. ~~Defendants Ronald E. Simpson, Donavan Yoe, Dante Chisholm and Jose Centenno illegally arrested, constrained and illegally imprisoned Plaintiff Robert Johnson.~~ The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

50. ~~As a result of this false arrest and illegal imprisonment, Plaintiff suffered damages as aforesaid.~~ The defendant officers who observed the other officers unlawfully use force against plaintiff had a legal duty to intervene to stop the illegal police conduct.

1. As a result of the foregoing, plaintiff sustained, among other things, bodily injuries including, but not limited to bruising to the torso, arms and head, emotional distress, loss of liberty and deprivation of constitutional rights.

## COUNT IV
### FAILURE TO INTERVENE UNDER 42 U.S.C § 1983
#### ~~42 U.S.C. § 1983 Against City of Mount Vernon~~

52. Paragraphs 1 through 51 are incorporated herein by reference as though set forth.

53. ~~Prior to February 7, 2017, the City of Mount Vernon, New York developed and~~

14

maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Mount Vernon, which caused the violation of Plaintiff Robert Johnson's rights.  The defendants had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in defendants' presence by the use of excessive force

1.    54.    It was the policy and/or custom of the City of Mount Vernon to inadequately supervise and train its police officers, including the defendant officers, thereby failing to adequately discourage constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.   Defendants further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

56.    As a result of the above described policies and customs, police officers of the City of Mount Vernon, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated defendants' failure to intercede when plaintiff's constitutional rights were being violated in defendants' presence, plaintiff sustained, among other things, physical and emotional injuries.

57.    The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Mount Vernon to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights as alleged herein.

### COUNT V MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983

57.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered **1** through **56** with the same force and effects as if fully set forth herein.

15

58. Defendants misrepresented and falsified evidence before the District Attorney.

59.     Defendants did not make a complete and full statement of facts to the District Attorney.

60.     Defendants withheld exculpatory evidence from the District Attorney.

61.     Defendants misrepresented and falsified evidence before the Grand Jury.

62.     Defendants did not make a complete and full statement of facts to the Grand Jury.

63.     Defendants withheld exculpatory evidence from the Grand Jury.

64.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

65.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

66.     Defendants acted with malice in continuing criminal proceedings against plaintiff. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

67.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were dismissed almost five years after the date criminal charges were filed. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put

in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## COUNT VII

68.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered **1** through **67**  with the same force and effects as if fully set forth herein.

69.    The acts and conduct of the defendant officers constituted an illegal and unconstitutional use of excessive force under the Fourth Amendment.

70.    The defendant City of Mount Vernon caused the constitutional violations by reason of its practice and custom, with deliberate indifference, of failing to properly train, supervise and discipline officers, including the defendant officers who fired their guns in the proper use of force/deadly force.

71.    Based on the extreme misconduct of three different defendants, Burnett, Lloyd, Gamble and Exarhakos, defendant the City of Mount Vernon has failed to properly train supervise, and/or discipline these defendants regarding proper police practices in these circumstances. Though the City of Mount Vernon armed its officers with firearms, it failed to properly train the officers in the use of deadly force.

72.     As of the date of this Complaint, City of Mount Vernon still has not completed a thorough investigation of the factual allegations contained herein, which events occurred five years ago.

73.    Indeed, most of the offending officers have been promoted or otherwise rewarded and

17

such lackadaisical leadership continues to be pervasive and continues to encourage officers to deny citizens their Constitutional rights, which is a pattern of behavior that is the focal point of an open investigation currently being conducted by the U.S. Department of Justice against the City of Mount Vernon.

74.    The above described policies and customs demonstrate a deliberate indifference on the part of policymakers of the City of Mount Vernon to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights as alleged herein.

**PENDANT STATE CLAIMS UNDER NEW YORK STATE LAW**

75.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered **1** through **74** with the same force and effects as if fully set forth herein.

76.    On or about April 30, 2017, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant the City of Mount Vernon, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50(e).

77.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

79.    This action falls within one or more of the exceptions as outlined in C.P.L.R §1602.

### COUNT VIII
### ASSAULT UNDER NEW YORK LAW

80.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered **1** through **79** with the same force and effects as if fully set forth herein.

81.     Defendants' aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

82.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### COUNT IX
### BATTERY UNDER NEW YORK LAW

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered **1** through 82 with the same force and effects as if fully set forth herein.

84.     Defendant police officers touched plaintiff in a harmful and offensive manner.

85.     Defendant police officers did so without privilege or consent from plaintiff.

86.     As a result of defendants' conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

19

**COUNT X -   FALSE ARREST UNDER NEW YORK LAW**

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered **1**   through **86**   with the same force and effects as if fully set forth herein.

88.     Defendant police officers arrested plaintiff in the absence of probable cause and without warrant.

89.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, confined, incarcerated and charged by defendants in criminal proceedings.

90.     As a result of defendants' conduct, plaintiff has suffered mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

**COUNT XI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER NEW YORL LAW**

91.      Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs   numbered **1** through **90** with the same force and effects as if fully set forth herein.

92.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

93.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant the City of Mount Vernon.

94.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant the City of Mount Vernon.

95.     The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

96.     As a result of the aforementioned conduct, plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

## COUNT XII

## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION UNDER NEW YORK LAW

97.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered **1** through **96** with the same force and effects as if fully set forth herein.

98.      Defendant the City of Mount Vernon selected, hired, trained, retained, assigned, and supervised all Mount Vernon police officers, including the defendant officers.

99.     Defendant the City of Mount Vernon was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its police department including the defendant officers.

100.    Due to the negligence of the City of Mount Vernon in hiring, training, supervising, and retaining the defendant officers, the City of Mount Vernon proximately caused Plaintiff's injuries.

101.    As a result of the City of Mount Vernon's negligence, plaintiff suffered physical injury, mental anguish together with shock, fright, apprehension, embarrassment, and humiliation

**WHEREFORE**, Plaintiff Robert Johnson requests that this Court:

    a.  Award compensatory damages in the amount of one million five hundred thousand dollars ($1,500,000.00);

    b.  Award punitive damages in the amount of costs of one million five hundred thousand dollars ($1,500,000.00);

    c.  An award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs disbursements; and

    d.  Any further relief as this Court may deem appropriate.

Plaintiff hereby demands a jury trial.

Dated: Port Chester, New York
      January 8, 2022                    Yours, etc.,
                                      Law Offices of Reginald A. Jacobs, PLLC
                                      /s/Reginald A. Jacobs
                                      Reginald A. Jacobs, Esq.
                                      Attorneys for Plaintiff Robert Johnson
                                      346 N Main Street,
                                      Port Chester, New York, 10573
                                      T: (914)361-4500
                                      E: reginald@jacobs-esq.com